FILED
2018 Jan-26 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| John Trichell, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, ) ) ) ) ) | Class Action |
| Defendants. ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, John Trichell, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

## PARTIES

3.   Plaintiff, John Trichell ("Trichell"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect a defaulted, time-barred consumer debt, which was allegedly owed for a Citibank credit

card account.

4.       Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant MCM operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Mr. Trichell.

5.       Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Midland operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.       Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, Defendant MCM. Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.       Defendants MCM and Midland are authorized to conduct business in

Alabama, and maintain registered agents here, see, records from the Alabama Secretary of State, attached as Group Exhibit A.  In fact, Defendants MCM and Midland conduct business in Alabama.

## FACTUAL ALLEGATIONS

8. More than 7 years ago, Mr. Trichell fell behind on paying a debt he owed for a Citibank credit card account.  Sometime after that debt became defaulted, the debt was acquired by Midland, who tried to collect upon it by having its sister company, MCM, send him form collection letters.

9. Defendants sent Mr. Trichell form collection letters, dated May 10, 2017, June 21, 2017 and August 3, 2017, demanding payment of the Citibank debt.  Copies of these collection letters are attached as Group Exhibit B.

10. These letters repeatedly urged Mr. Trichell to pay his debt through various settlement options.  The letters claimed there were "Benefits of Paying!".  They also offered Mr. Trichell a "discount program designed to save [him] money" and directed him to "maximize [his] savings and put this debt behind [him]". The letters belatedly stated:

\* \* \*

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

\* \* \*

See Group Exhibit B.

11. Under the Alabama Code, a suit on an unsecured debt must be brought within six years of the date of last payment.  Thus, the time period to bring suit on Mr. Trichell's debt had elapsed.

12. Despite this, the letters falsely suggested that Mr. Trichell could still be sued or that his debt might be credit reported.  The letters failed to state which entity had chosen not to sue -- just MCM or MCM *and* Midland.  Additionally, the letters failed to state that MCM and Midland could not, in fact, sue or credit report because the statute of limitations had run.  By stating that "we will not" sue or credit report, rather than it "cannot" sue or credit report, the letters implied that Defendants still had the option to take those actions, and that they were simply choosing not to do so.

13. In fact, neither Defendant could sue to collect Mr. Trichell's debt or file a negative credit report because the statute of limitations had run on doing either.

14. Thus, contrary to the language in MCM's letters to Mr. Trichell, there were no "[b]enefits of paying" this debt, there were no "discount[s]" to be realized, and making a payment was not going to "save [Mr. Trichell] money" – the debt was time-barred.

15. Defendants' failure to disclose effectively that no one could sue Mr. Trichell on his debt is material.  This lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe that the debt needed to be paid.

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, <u>Jeter v. Credit Bureau</u>, 760 F.2d 1168, 1176 (11th Cir. 1985); <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are prohibited from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

20. Attempts by debt collectors to collect time-barred debts through deceptive and misleading collection letters violate § 1692e of the FDCPA. See, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), petition for cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

21. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was false, deceptive or misleading because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; b) they did not specify who had chosen not to sue; and c) they wrongly claimed that payment would result in benefits and savings. Thus, Defendants' form debt collection letters violated § 1692e of the FDCPA.

22.     Defendants' false and misleading statements are material. They would lead a consumer to believe that they had to pay this debt to avoid being sued, credit reported, or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

23.      Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24.     Plaintiff adopts and realleges ¶¶ 1-17.

25.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; b) they did not specify who had chosen not to sue; and c) they wrongly claimed that payment would result in benefits and savings. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27.     These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, see, Lox, 689 F.3d at 826.

28.     Defendants' violations of § 1692f of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29.     Plaintiff, John Trichell, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants attempted to collect a defaulted, time-barred consumer debt (i.e., where the date of last payment/statement is more than six years from the date of the letter), allegedly owed for a Citibank credit card account, via the same form collection letters (Group Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30.     Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Trichell, in their attempts to collect defaulted consumer debts from other consumers.

31.     The Class consists of more than 50 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent Plaintiff Trichell.

32.     Plaintiff Trichell's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff Trichell will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Trichell has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, John Trichell, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Trichell as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Trichell and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, John Trichell, individually and on behalf of all others similarly situated, demands trial by jury.

                John Trichell, individually and on
                behalf of all others similarly situated,

                By: /s/ David J. Philipps_____
                One of Plaintiff's Attorneys

                By:/s/ Bradford W. Botes _____
                One of Plaintiff's Attorneys

Dated:  January 25, 2018

David J. Philipps     (Ill. Bar No. 06196285)(Pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(Pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
600 University Park Place, Suite 510
Birmingham, Alabama 35209
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com