IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JOHN TRICHELL,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 4:18-cv-00132-ACA |
| ] | |
| **MIDLAND CREDIT MANAGEMENT,** ] | |
| **INC., et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendants' motion to dismiss the complaint. (Doc. 13).

Plaintiff John Trichell filed this putative class action suit on behalf of himself and others similarly situated, naming as defendants two debt collectors: Midland Credit Management, Inc. and its sister company Midland Funding, LLC. (Doc. 1). Mr. Trichell alleges that Defendants violated the Fair Debt Collection Practices Act (FDCPA) by deceptive or misleading debt collection letters seeking repayment of legally unenforceable debts.

Defendants move to dismiss the complaint for failure to state a claim. The court **WILL GRANT** the motion because a "least sophisticated consumer" would not find the letters deceptive or misleading.

## I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider exhibits attached to the complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Mr. Trichell attaches three collection letters that Midland Credit Management sent to him; as a result, the court's description of the facts incorporates the content of those letters.

Midland Funding is a company that buys defaulted consumer debts, which it collects through other collection agencies, such as Midland Credit Management. (Doc. 1 at 2). Mr. Trichell alleges that "[m]ore than 7 years" before he filed this complaint, he "allegedly" defaulted on an unspecified amount of credit card debt. (*Id.* at 3; Doc. 1-2). Consistent with its business model, Midland Funding acquired Mr. Trichell's defaulted debt and in 2017, it had Midland Credit Management send him three collection letters stating that he had a balance due of $42,859.55. (Doc. 1 at 3). But, under Alabama law, by the time Midland Credit Management sent those letters, the debt was legally unenforceable because the statute of limitations barred any lawsuit to recover the defaulted debt. (*Id.* at 3–4); Ala. Code § 6-2-34(5).

Although Midland Credit Management sent the letters and requests payment to itself, the letters list Midland Funding as the owner of the debt. (Doc. 1-2). Each letter contains statements like the following: "Congratulations! You have been *pre-approved* for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you . . . ." (Doc. 1-2 (emphasis in original)). The letters also list, as a "Benefit of Paying," savings of over $30,000. (*Id.*). The letters offer three payment plains: (1) a single lump-sum payment plan for "70% OFF"; (2) a twelve-month payment plan for "50% OFF"; or (3) a monthly payment plan for "As Low As . . . $50 per month." (*Id.*). The first two options each list a "Payment Due Date" of about a month after the date of each letter. (*Id.*).

The final paragraph of each collection letter states: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." (*Id.*). The court will refer to this paragraph as the "disclaimer language."

The court pauses here to take judicial notice of some facts relating to the disclaimer language. *See* Fed. R. Evid. 201; *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). In 2015, Defendants and several other debt collectors entered a consent decree with the Consumer Financial Protection

Bureau. *See In re Encore Capital Grp., Inc.*, no. 2015-CFPB-22, *available at* https://www.consumerfinance.gov/policy-compliance/enforcement/actions/encore (last visited Aug. 29, 2018). The consent decree provides:

> [F]or those Consumer accounts where the Debt is Time-Barred . . . [the debt collector] will include the following statement: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

*Id.*, *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf, at 38–39 (last visited Aug. 29, 2018). The Federal Trade Commission has also entered a consent decree with a different debt collector, requiring similar language. *See United States v. Asset Acceptance, LLC*, no. 8:12-cv-182, Doc. 5, at 13 (M.D. Fla. Jan. 31, 2012).

Mr. Trichell, on behalf of himself individually and "all persons similarly situated in the State of Alabama," asserts that Defendants' actions (1) violated 15 U.S.C. § 1692e by attempting to collect time-barred debts using deceptive and misleading collection letters (Count One); and (2) violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt (Count Two). (Doc. 1 at 5–6).

## II. DISCUSSION

Defendants move to dismiss the complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss

attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Trichell alleges that Defendants violated two sections of the FDCPA: § 1692e and § 1692f. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and gives a nonexclusive list of conduct that violates the section, including "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), or "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Defendants concede that they are debt collectors. (*See generally* Doc. 113). As a result, the only question for the court is whether Defendants' collection letters use false, deceptive, or misleading representations in connection with the collection of a debt, or unfair or unconscionable means to attempt to collect a debt. The court concludes that, as a matter of law, they do not.

In determining whether a debt collector's conduct violates § 1692e or § 1692f, the Eleventh Circuit has "adopted a 'least-sophisticated consumer' standard." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014). "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Id.* (some quotation marks omitted). The test includes "an objective component" and "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* at 1259 (quotation marks omitted). "Whether a particular communication is false or deceptive is a question for the jury. However, whether [the plaintiff] alleges facts sufficient to state a claim under § 1692e is a legal question for the court." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016).

The parties agree that the six-year time period to sue for collection of Mr. Trichell's debt had expired by the time Midland Credit Management sent the first of its three collection letters to Mr. Trichell. Indeed, the three letters each contained the disclaimer language stating: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." (Doc. 1-2). Despite that language, Mr. Trichell contends that

6

the letters contain deceptive or misleading statements because they suggest that despite the time bar, the debt is legally enforceable and Defendants have merely chosen not to sue. (Doc. 1 at 4).

First, Mr. Trichell asserts that it is unclear from the language "*we* will not sue you . . . or report payment or non-payment" whether Midland Credit Management alone has agreed not to sue, or whether Midland Credit Management *and* Midland Funding have agreed not to sue. (Doc. 1 at 4 (emphasis added)). The court rejects this argument as the type of "idiosyncratic interpretation[ ] of collection notices" that the Eleventh Circuit has disapproved. *See Crawford*, 758 F.3d at 1259 (quotation marks omitted). Even the least-sophisticated consumer would not read the language "we will not sue you" and parse whether the "we" includes only the signatory of the letter or both the signatory of the letter and the owner of the debt.

Second, Mr. Trichell asserts that the language "we *will not* sue you" implies that Defendants *could* sue him, but have chosen not to do so. (Doc. 1 at 4 (emphasis added)). In support of that contention, he cites to cases from the Third, Fifth, Sixth, and Seventh Circuits holding that debt collectors who falsely or misleadingly suggest that a debt remains legally enforceable have violated the FDCPA. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422 (3d Cir. 2018); *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017); *Daugherty v.*

7

*Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 395 (6th Cir. 2015), *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

In each of those cases, a debt collector sent a collection letter to a debtor offering to "settle" a time-barred debt. *Tatis*, 882 F.3d at 425; *Pantoja*, 852 F.3d at 682; *Daugherty*, 836 F.3d at 511; *Buchanan*, 776 F.3d at 395, 399; *McMahon*, 744 F.3d at 1013–14. And in each of the cases, the Court of Appeals held that, depending on the circumstances of the case, the offer to "settle" a time-barred debt could cause an unsophisticated consumer to believe that the debt collector had the ability to sue to collect the debt, constituting a false or misleading statement about the legal status of the debt. *Tatis*, 882 F.3d at 430; *Pantoja*, 852 F.3d at 683, 687; *Daugherty*, 836 F.3d at 511; *Buchanan*, 776 F.3d at 395, 399; *McMahon*, 744 F.3d at 1020.

While it may be true that an offer to "settle" a time-barred debt could lead an unsophisticated consumer to believe the debt is legally enforceable, the circumstances present in this case are distinguishable from those present in the cases Mr. Trichell relies on. In all but one of those cases, the collection letters offered to "settle" without disclosing that the debts were not judicially enforceable—and in several of the cases, the relevant state law provided that a partial payment of the settlement offer could restart the statute of limitations,

8

reviving the enforceability of the debt. *Tatis*, 882 F.3d at 425; *Daugherty*, 836 F.3d at 513; *Buchanan*, 776 F.3d at 396; *McMahon*, 744 F.3d at 1013–14.

But in this case, the collection letters say nothing about "settlement." (*See* Doc. 1-2). In addition, Mr. Trichell makes no argument that a partial payment could restart the statute of limitations, and the court's review of Alabama law indicates that a time-barred debt can be revived only in limited circumstances involving a partial payment "made upon the contract by the party sought to be charged before the bar is complete or an unconditional promise in writing signed by the party to be charged." *See* Ala. Code § 6-2-16; *Chapman v. Barnes*, 93 Ala. 433, 9 So. 589 (Ala.1891).

One case that Mr. Trichell cites warrants closer examination. In *Pantoja*, the debt collector sent the debtor a letter "offering to settle this account FOR GOOD!" 852 F.3d at 682. At the bottom of the letter, the debt collector included the second sentence from the disclaimer language: "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." *Id.* But the debt collector omitted any sentence indicating that the law limits how long a debtor can be sued on a debt. *Id.* at 686. Based on that omission, the Seventh Circuit concluded that "the letter deceptively said that [the debt collector] had chosen not to sue [the debtor], rather than saying that the debt was so old that [the debt collector] could not sue him for the alleged debt," *id.* at 683, because "[t]he

reader is left to wonder whether [the debt collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt, or perhaps for some other reason," *id.* at 686.

By contrast, in this case, the collection letters include a sentence stating that the law limits how long a debtor can be sued on a debt. This sentence draws a connection between the legal unenforceability of the debt and the debt collector's promise not to sue. *Cf. Buchanan*, 776 F.3d at 400 (suggesting in dicta that including language stating that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, [the debt collector] will not sue you for it" would correct "any possible misimpression by unsophisticated consumers"). Accordingly, unlike in *Pantoja*, the collection letters here do not deceptively or misleadingly imply that the debts are legally enforceable.

The court also concludes that the rest of the language from the collection letters is not, as a matter of law, deceptive or misleading. As the United States Supreme Court has said, "Alabama's law, like the law of many States, provides that a creditor has the right to payment of a debt even after the limitations period has expired." *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017). As such, it is not deceptive or misleading to give a debtor a due date by which to pay the debt or to tout the "savings" available under a discounted payment plan. And it is not deceptive or misleading to list "benefits" of paying the time-barred

10

debt, because "some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished." *McMahon*, 744 F.3d at 1020.

The court concludes that, as a matter of law, even a "least sophisticated consumer" would not find Midland Credit Management's collection letters deceptive or misleading. Even accepting as true all facts asserted by Mr. Trichell and making all reasonable inferences in his favor, Midland Funding and Midland Credit Management have not violated § 1692e of the FDCPA.

Next, Defendants contend that Mr. Trichell's claim under § 1692f—that they used "unfair or unconscionable means to collect or attempt to collect any debt"—fails as a matter of law because it is based on the same conduct supporting his claim under § 1692e. (Doc. 13 at 25–27). The Eleventh Circuit has indicated that a plaintiff cannot succeed on a § 1692f claim if that claim is based on the same facts as an unsuccessful § 1692e claim. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 & n.31 (11th Cir. 2010) ("If a jury were ultimately to conclude that the letter could not reasonably have been viewed by a 'least-sophisticated consumer' as [a violation of § 1692e(5)], it's doubtful the letter could be perceived as 'unfair' or 'unconscionable.'"); *see also Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1308 (11th Cir. 2015). The court agrees that where

both claims are based on the same facts, the failure to state a claim under § 1692e means that the plaintiff has also failed to state a claim under § 1692f.

### III. CONCLUSION

Because a "least sophisticated consumer" would not find the collection letters sent to Mr. Trichell deceptive or misleading, the court **WILL GRANT** the motion to dismiss the complaint and **WILL DISMISS** the complaint **WITHOUT PREJUDICE**. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this August 31, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE